OPINION
{¶ 1} Michael W. Nichols, Jr., appeals from the judgment of the Lake County Court of Common Pleas, resentencing him to five years imprisonment for felonious assault. We dismiss the appeal as moot.
 {¶ 2} April 21, 2004, the Lake County Grand Jury indicted Mr. Nichols on one count of felonious assault, a second degree felony in violation of R.C. 2903.11(A)(1), for a fight occurring February 12, 2004, at the Madtown Lounge in Lake County, Ohio. Jury *Page 2 
trial commenced November 1, 2004; November 4, 2004, the jury returned a verdict of guilty. December 15, 2004, sentencing hearing was held. By a judgment entry filed December 22, 2004, the trial court imposed a five year prison term on Mr. Nichols, and ordered him to make restitution of $38,145.00 to his victim, Peter Mussell.
 {¶ 3} Mr. Nichols timely appealed, assigning seven errors. February 28, 2006, two days prior to oral argument of his appeal, Mr. Nichols moved this court to file, instanter, a supplemental assignment of error.State v. Nichols, 11th Dist. No. 2005-L-017, 2006-Ohio-2934, at ¶ 27("Nichols I"). At trial, Mr. Nichols' counsel had moved the court for an instruction on aggravated assault, based on evidence of serious provocation to Mr. Nichols in committing the assault. The state did not object.
 {¶ 4} By an opinion filed June 9, 2006, we overruled six of Mr. Nichols' seven original assignments of error, and affirmed his conviction. Nichols I at ¶ 102. We found merit in his seventh assignment of error, which challenged the validity of his sentence, based onState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Nichols I at ¶ 99-102. Consequently, we vacated his sentence, and remanded to the trial court for resentencing. Id. at ¶ 103. We declined to consider Mr. Nichols' supplemental assignment of error. Id. at ¶ 27. We noted he had neither obtained leave of this court to file it, nor, by the timing of its filing, given the state an opportunity to oppose. Id. We further considered he had waived any error through failure to object in the trial court. Id.
 {¶ 5} September 8, 2006, Mr. Nichols applied to reopen his direct appeal, pursuant to App.R. 26(B). As grounds, he argued ineffective assistance of appellate counsel, in failing to raise properly the trial court's allegedly erroneous jury instruction regarding aggravated assault. September 22, 2006, the state filed its response, *Page 3 
supporting Mr. Nichols' application. January 10, 2007, we granted Mr. Nichols' application, pursuant to App.R. 26(B)(5). That appeal bears the original case number, 2005-L-017.
 {¶ 6} Meanwhile, on remand, the trial court held resentencing hearing for Mr. Nichols August 9, 2006; and, by a judgment entry filed August 15, 2006, once again sentenced him to five years imprisonment, as well as ordered him to pay restitution. Mr. Nichols timely noticed this appeal, making five assignments of error:
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions[.]
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the Rule of Lenity.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio legislators."
 {¶ 12} We have decided in the reopening of Mr. Nichols' direct appeal, Case No. 2005-L-017, that he received ineffective assistance of appellate counsel, due to failure *Page 4 
to timely raise the issue of the jury instruction on aggravated assault. That instruction was plain error; and, we have reversed Mr. Nichols' conviction and sentence, and remanded for new trial. Consequently, the sentencing issues Mr. Nichols raises by this appeal are moot.
 {¶ 13} The appeal is dismissed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
 DIANE V. GRENDELL, J., dissents. *Page 1